The PEOPLE of the State of Colorado, Complainant,

v.

David L. ODOM, Attorney–Respondent.

No. 92SA54.

Supreme Court of Colorado, En Banc.

May 11, 1992.

---

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Debora D. Jones, Asst. Disciplinary Counsels, Denver, for complainant.

David L. Odom, pro se.

PER CURIAM.

■ In this attorney disciplinary proceeding, the respondent and assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee unanimously accepted the stipulation and agreement and recommended that the respondent receive a public censure. We accept the stipulation and agreement and the recommendation of the inquiry panel and order that the respondent be publicly censured and pay the costs of these proceedings.[1]

I

The respondent was admitted to the bar of this court on May 1, 1979, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The stipulation, agreement, and conditional admission of misconduct disclose two separate courses of misconduct.

A

■ Prior to July 1987, the respondent represented the owner of a restaurant, Andy Lambatos. The accounting firm of Tom Andrianakos performed accounting services and prepared tax returns for the restaurant. Lambatos (the seller) and Andrianakos (the buyer) negotiated the sale of the restaurant without the respondent's as-

sistance. The seller and buyer asked the respondent to prepare the final purchase and sale agreement and to represent both parties to the transaction. The purchase price was $110,000 and was payable by $10,000 in cash, with the buyer assuming an $80,000 bank loan and $20,000 in trade payables.

In a preliminary draft of the sales agreement, the respondent included language referring to compliance with the Bulk Transfers Act of the Uniform Commercial Code (U.C.C.), §§ 4–6–101 to –111, 2 C.R.S. (1973), *repealed by* ch. 45, sec. 1, 1991 Colo. Sess. Laws 269. The final agreement, however, did not mention the Bulk Transfers Act.

The respondent was aware that Nicholas Donizio had previously filed a U.C.C. financing statement against the restaurant property. The respondent believed that the buyer knew of Donizio's claim through conversations with the seller and because the buyer was the seller's accountant. The buyer contends that he was never told of the Donizio claim and was not aware of it. In any event, the respondent did not advise the buyer of the claim and did not ask Donizio to provide a termination statement.

After the sale was closed on August 1, 1987, Donizio filed an action against the buyer and the seller to enforce (1) a prior agreement with the seller to pay Donizio 25% of the proceeds of any sale of the restaurant; and (2) a security agreement arising out of a loan of $20,000 from Donizio to the seller. Donizio also requested damages for noncompliance with the Bulk Transfers Act. The respondent represented both the buyer and seller in the Donizio lawsuit. He did not advise the buyer with respect to possible cross-claims the buyer might have had against the seller and no cross-claims were filed.

---

1. We note that no formal complaint was filed against the respondent in this case. We adhere to our statement in *People v. Borchard,* 825 P.2d 999, n. 1 (Colo.1992), that "when the alleged misconduct warrants more than a letter of admonition, we believe that the better practice would be to submit the stipulation, agreement, and conditional admission to the inquiry panel

only after that panel has found reasonable cause to believe that grounds for discipline exists and has authorized the disciplinary counsel to prepare and file a formal complaint." We have reviewed the record in this case, however, and conclude that no good purpose would be served by returning this case to the inquiry panel to await the filing of a formal complaint.

The respondent also represented the seller in the seller's bankruptcy proceeding in which the claims of Donizio and the buyer against the seller were discharged. The respondent did not discuss with the buyer any claims the buyer might have against the seller, nor did the respondent advise the buyer that he could file an adversary proceeding objecting to the discharge of the buyer's claims against the seller. While representing the seller in the bankruptcy, the respondent continued to represent the buyer in the Donizio action until withdrawing due to the buyer's failure to communicate with him. The buyer eventually settled the Donizio lawsuit for $12,000. A lawsuit brought by the buyer against the respondent was later settled for $18,000.

The respondent has stipulated that his conduct violated DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be affected by the acceptance of the proffered employment, or which would be likely to involve the lawyer in representing differing interests, unless it is obvious the lawyer can represent the interests of each client, and both clients consent after full disclosure); DR 5–105(B) (a lawyer shall not continue multiple employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve the lawyer in representing different interests, except to the extent permitted by DR 5–105(C)); and DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances).

### B

In the second matter, the respondent successfully defended Lenette Gifford in a criminal proceeding charging her with arson in the destruction of her automobile. In a subsequent civil action brought by the respondent on behalf of Gifford against Gifford's insurance company for failure to pay Gifford's claim for the destruction of the vehicle, the respondent inexcusably failed to respond to the insurance company's motion for summary judgment and judgment was subsequently entered in favor of the insurance company. The assistant disciplinary counsel and the respondent have stipulated that counsel for the insurance company would testify that although Gifford's claims might have withstood the motion for summary judgment if a response to the motion had been filed, Gifford's claims were so weak that it was highly probable that she would not have prevailed at trial. The respondent and Gifford are presently attempting to settle Gifford's claim for damages against the respondent. The respondent has admitted that his conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

### II

The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*) provides that, in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." *ABA Standards* 4.32. On the other hand, public censure is warranted if the lawyer is at most "negligent in determining ... whether the representation will adversely affect another client, and causes injury or potential injury to a client." *Id.* at 4.33. *See People v. Chew*, 830 P.2d 488, 489–490 (Colo.1992). The assistant disciplinary counsel, in an analysis of discipline filed in this court, characterizes the respondent's mental state in the multiple representations of the buyer and seller as "negligent" rather than "knowing."[2] With respect to the respondent's neglect of the

---

**2.** The stipulation recites that the respondent

knew that Nicholas Donizio had properly filed a U.C.C. statement against the restaurant

Gifford matter, public censure is "generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *ABA Standards* 4.43.

The assistant disciplinary counsel noted only one factor in aggravation, that the respondent has substantial experience in the practice of law. *ABA Standards* 9.22(i). Factors in mitigation include: (1) the absence of a disciplinary record in thirteen years of practice in this state, *id.* at 9.32(a); (2) the absence of a dishonest or selfish motive, *id.* at 9.32(b); (3) the existence of personal or emotional problems, *id.* at 9.32(c); (4) timely good faith effort to make restitution, *id.* at 9.32(d); (5) full and free disclosure to the disciplinary counsel, *id.* at 9.32(e); and (6) remorse, *id.* at 9.32(*l*). The presence of these factors in mitigation convinces us that a public censure is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## III

It is hereby ordered that David L. Odom be publicly censured. It is further ordered that Odom pay the costs of this proceeding in the amount of $50.10 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

---

property. Respondent believed that Buyer was aware of the claim by virtue of his accounting responsibilities and conversations with Seller. Buyer claims he was never told nor was he aware of the Donizio claim. Resolution of this factual dispute is not necessary to this stipulation.

In the analysis of discipline, however, the assistant disciplinary counsel states, "There is conflicting evidence whether respondent informed Buyer of the U.C.C. filing which perfected the Donizio claim against the restaurant property." We interpret these statements to mean that, after a thorough investigation, the assistant disciplinary counsel have concluded that they would be unable to prove by clear and convincing evidence that the respondent failed to disclose the existence of the Donizio claim to the buyer in violation of DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). *See People v. Rader*, 822 P.2d 950, 953 (Colo.1992) (before it can be found that attorney violated disciplinary rule proscribing conduct involving dishonesty, fraud, deceit, or misrepresentation, it must be shown that lawyer possessed culpable mental state greater than simple negligence, but actual knowledge or intent to deceive need not be demonstrated). The absence of dishonesty or misrepresentation distinguishes this case from *People v. McDowell*, 718 P.2d 541 (Colo. 1986) (six-month suspension warranted where attorney simultaneously represented both seller and buyer in the purchase of corporate business and attorney failed to disclose the existence of three judgments against the corporation to the buyer).