**The PEOPLE of the State of Colorado, Complainant,**

v.

**Stuart George BARR, Attorney–Respondent.**

**No. 93SA143.**

Supreme Court of Colorado,
En Banc.

July 26, 1993.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Stuart George Barr, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the Findings and Recommendation of the Hearing Board in this attorney disciplinary proceeding. The relevant portions of the board's findings and recommendation are set out in the Appendix to this opinion. The board recommended that the respondent be suspended from the practice of law for ninety days, be required to apply for reinstatement pursuant to C.R.C.P. 241.22(c), and that he be required to obtain certain therapy. Neither the respondent nor the assistant disciplinary counsel has excepted to the panel's and board's recommendations.

The respondent was suspended from the practice of law for one year and one day on October 7, 1991, *People v. Barr*, 818 P.2d 761 (Colo.1991), and he remains suspended under that order. Although he appeared at the hearing before the board, the respondent did not answer the complaint filed by the assistant disciplinary counsel, and the allegations of fact contained in the complaint were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991).

After considering the record, the hearing board's findings and recommendation, and the respondent's prior disciplinary record, we find it appropriate to accept the board's and panel's recommendations. Accordingly, it is hereby ordered that Stuart George Barr be suspended from the practice of law for ninety days, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent must comply with C.R.C.P. 241.-22(b)–(d) before he may be reinstated. It is

further ordered that the respondent be required to demonstrate on application for reinstatement that he has obtained and engaged in therapy to treat his documented clinical depression. Finally, the respondent is ordered to pay the costs of this proceeding in the amount of $915.27, within thirty days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

## APPENDIX

### SUPREME COURT, STATE OF COLORADO

### CASE NO. GC 91A–62

### BEFORE THE GRIEVANCE COMMITTEE THEREOF

### PEOPLE OF THE STATE OF COLORADO, Complainant

v.

### STUART GEORGE BARR, Respondent
### FINDINGS AND RECOMMENDATION OF THE HEARING BOARD

. . . .

### FINDINGS OF FACT

Based on respondent's default, complainant's exhibits, and complainant's argument tendered at the hearing, the board finds the following facts are established by clear and convincing evidence:

1. Respondent has taken and subscribed the Oath of Admission, was admitted to the Bar of this Court on April 26, 1972, and is registered upon the official records of this Court, Registration No. 4032. He is accordingly subject to the jurisdiction of this Court and its Grievance Committee in these proceedings. Respondent's registered business address is 50 South Steele Street, Suite 321, Denver, Colorado 80209.

### COUNT I

2. In 1990, respondent represented Douglas J. Prins in dissolving his marriage. *Prins v. Prins*, Case No. 90DR488, Arapa-hoe District Court. On October 18, 1990, and October 30, 1990, the trial court held a permanent orders hearing. Respondent was present. In a telephone conference on November 2, 1990, the Honorable Deanna E. Hickman ordered respondent to reduce her order to writing. Respondent did not object and agreed to reduce the order to writing.

3. Respondent never prepared the permanent orders. During the next two months, opposing counsel's paralegal Rowena Hellman, tried to contact respondent by telephone about the proposed orders and decree. She left several messages on his answering machine. Respondent failed to return any of these calls.

4. Mr. Prins repeatedly attempted to reach respondent by telephone about his case. He left numerous messages on respondent's answering machine. Respondent failed to return his calls.

5. On February 6, 1991, opposing counsel, Timothy Walker, Esq., wrote to respondent and asked him to prepare and file the orders and decree. When respondent did not respond, Mr. Walker filed a Motion for Entry of Order citing respondent's failure to prepare and submit the court's findings and decree. Respondent did not respond to the motion.

6. On April 1, 1991, Judge Hickman ordered respondent to submit the findings and order within ten days or face contempt. On April 15, 1991, respondent filed an *Ex Parte* Motion for Enlargement of Time to file the orders and decree stating therein that the final documents would be hand-delivered on April 22, 1991. Respondent did not submit the orders and decree.

7. On June 4, 1991, Mr. Walker submitted a proposed order and decree together with a motion for attorneys' fees and costs. Respondent did not file a response.

8. On July 21, 1991, the court entered the proposed orders and decree as final *nunc pro tunc* to November 2, 1990, and rendered judgment against respondent for attorneys' fees in the amount of $575.

9. The foregoing conduct of the respondent violates Rule 241.6 of the Colorado

Supreme Court rules concerning discipline of attorneys and the Code of Professional Responsibility, DR1–102(A)(1); DR6–101(A)(3); DR1–102(A)(5); and DR7–106(A).

### COUNT II

10. On April 1, 1991, Mr. Prins filed a request for investigation against respondent. The office of the Disciplinary Counsel sent the request for investigation to respondent by regular mail on April 2, 1991, and requested additional information. On April 23, 1991, a demand letter was sent to respondent. Respondent did not answer either letter.

11. On May 8, 1991, respondent received by certified mail the request for investigation and a request for a formal response. His answer was due twenty (20) days after receipt of the complaint.

12. On May 30, 1991, Mary Bowlin, investigative secretary, telephoned respondent regarding his response. Respondent stated that he would "send something out right away." Ms. Bowlin asked when that might be, and respondent said, "Monday." Respondent did not file an answer.

13. The foregoing conduct of the respondent violates Rule 241.6(7) of the Colorado Supreme Court Rules concerning discipline of attorneys.

### CONCLUSIONS

14. The board finds by clear and convincing evidence that respondent violated the cited disciplinary rules. As to Count I, respondent violated DR6–101(A)(3) and DR7–106(A).

15. As to Count II, respondent violated Colo.R.Civ.P. 241.6(7).

16. Finally, by virtue of these violations, respondent also violated Colo. R.Civ.P. 241.6(1) and DR1–102(A)(1).

### RECOMMENDATION

17. The board further finds that respondent's misconduct caused little actual injury to Douglas J. Prins and his former wife. The potential for injury to both parties, however, is very apparent.

18. Respondent has a disciplinary record germane to these proceedings. He received a private censure in 1988, in large part for violating DR6–101(A)(3). He received a public censure on February 11, 1991, for neglect and failure to cooperate with the grievance process. The court suspended him for one year and a day on October 7, 1991, again, in part, for neglect and failure to cooperate with the grievance process.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1986), the initially appropriate sanction is a period of suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client. *Standards* § 4.42(a). Similarly, when a lawyer knows he is violating a court order and there is injury or potential injury to a client or party, the initially appropriate sanction is a period of suspension. *Standards* § 6.22.

The board finds a number of factors in aggravation, including prior disciplinary offenses, a pattern of misconduct, failure to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. *Standards* §§ 9.22(a), (c), (e), (g), and (i). As mitigating factors, the board finds that respondent does now experience and acknowledge remorse, and that a serious and documented mental depression contributed a great deal to his misconduct. *Standards* §§ 9.32(h) & (1). There is in respondent's case a pattern of misconduct and a substantial record of prior discipline. Any sanction short of suspension would, in our opinion, undesirably minimize respondent's record and his failure to respond to previous disciplinary episodes with an improvement in his behavior. In reliance on these factors, Disciplinary Counsel argues for a two-year suspension. We note, however, that respondent was suspended for a period of a year and a day in October of 1991, and he has not been able to seek reinstatement from that suspension because of the pendency of this matter. In effect, any period of suspension we might recommend will have the effect

of being much longer *in fact* because it will not begin to run until it is imposed by the Court, and until that time respondent will remain unable to obtain reinstatement. Taking into account this effect, as well as the mitigating factors documented by [a psychiatric examination] report, we recommend a period of suspension of ninety days.

There is one further matter. In connection with the complaint resulting in the 1991 suspension, the Grievance Committee recommended to the Court that respondent be required to seek therapy as a condition of reinstatement. The Court, although in other respects adopting the Committee's recommendation, declined to impose this condition. Respondent has shown in these hearings a distinct disinclination to pursue a course of therapy for his acknowledged depression unless required to do so. With respect, we renew the recommendation that respondent be required to pursue therapy; as a method of enforcing that condition, we recommend that despite the brevity of the suspension recommended in this matter, respondent be required to apply for reinstatement, and to demonstrate on application for readmission that he has obtained therapy to treat his documented clinical depression. The board also recommends that respondent be required to pay costs of this proceeding.