**The PEOPLE of the State of Colorado, Complainant,**

v.

**Israel GALINDO, Attorney–Respondent.**

**No. 95SA322.**

Supreme Court of Colorado, En Banc.

Nov. 28, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline proceeding was suspended for one year and one day, on October 17, 1994. *People v. Galindo*, 884 P.2d 1109 (Colo.1994). He has not been reinstated from that suspension. Following the respondent's suspension, this disciplinary proceeding was submitted to the court. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of the hearing board that the respondent be suspended for thirty days, be ordered to pay restitution, and be assessed the costs of the proceeding. The respondent defaulted before the grievance committee and has not appeared in this court. We approve the findings of the panel and board, and order that the respondent pay restitution prior to any application for readmission as set forth in the board's report, and pay the costs of the proceeding.

I

The respondent was admitted to the Colorado bar on October 17, 1980. The respondent did not appear and did not answer the complaints, so an order of default was entered and the allegations of fact in the complaints were deemed admitted. *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993); C.R.C.P. 241.13(b). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following was established by clear and convincing evidence.

The respondent hired Rhett Rainey, D.O., as an expert witness for a trial in February 1993, on behalf of a client. Dr. Rainey eventually testified in November 1993, but the respondent did not pay the expert either for his testimony or for an earlier appearance fee. On May 5, 1994, the El Paso County Medical/Legal Committee issued its decision that the respondent owed Dr. Rainey a total of $4,000. The respondent has not paid Dr. Rainey.

Based on the report of investigation tendered in this proceeding, the hearing board determined that the respondent should be required to reimburse $3,000 to Dr. Rainey, and that the respondent's conduct violated R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice).

Moreover, the respondent's failure to appear and cooperate in this proceeding violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline). Finally, the respondent failed to file the required supplemental statement of change of address within thirty days of his change of business and residential addresses, contrary to C.R.C.P. 227(A)(2)(b).

II

The hearing panel approved the hearing board's recommendation that the respondent be suspended for thirty days and pay restitution to Dr. Rainey. The total failure of the respondent to pay the expert fees he agreed to and to appear and cooperate in these proceedings warrants a period of suspension.

The respondent remains suspended pursuant to our 1994 opinion and order and must undergo reinstatement proceedings under C.R.C.P. 241.22(b)–(d). *Galindo*, 884 P.2d at 1113. The effective date of the respondent's

1994 suspension was November 16, 1994. The earliest date the respondent could have been reinstated was therefore November 17, 1995. Extending the respondent's suspension by an additional thirty days means that the earliest date that he may be reinstated is now December 17, 1995.

### III

Accordingly, it is hereby ordered that the respondent may not be reinstated prior to December 17, 1995. Prior to reinstatement, and as a condition of reinstatement, the respondent must pay restitution to Dr. Rainey in the amount of $3,000 plus statutory interest from May 5, 1994. It is further ordered that the respondent pay the costs of this proceeding in the amount of $386.94, within thirty days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.