**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Leonard ODOM, Attorney– Respondent.**

No. 96SA26.

*Supreme Court of Colorado, En Banc.*

April 1, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance on Behalf of Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline proceeding defaulted before the supreme court grievance committee and has not appeared in this court. A hearing panel of the grievance committee approved a hearing board's findings and recommendation that the respondent be suspended from the practice of law for three years and be required to make certain restitution. We accept the panel's recommendations.

## I

The respondent was admitted to practice law in Colorado in 1979. The respondent did not answer the formal complaint filed by the assistant disciplinary counsel, and the allegations of fact contained in the complaint were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

### A

■ Sharon K. Schillereff hired the respondent in May 1991 to represent her in a child support matter. She paid him a $500 retainer. Shortly after the April 1, 1992, hearing before a magistrate, Schillereff's ex-husband extended an offer to the respondent to increase child support. The respondent did not convey this information to his client, however, and the client and her ex-spouse were unable to discuss the matter themselves.

On April 3, 1992, the respondent and Schillereff discussed the possibility of obtaining additional Supplemental Security Income (SSI) payments for her older son. She paid the respondent an additional $500 on the same date. The respondent contacted another lawyer who practices in the area of SSI benefits and paid him $150 for information relating to the applicable regulations. The respondent then discussed the matter with his client.

After April 8, 1992, Schillereff was not able to contact or talk with the respondent despite numerous attempts. He did not return her telephone calls, nor did he respond to her November 30, 1992, letter to him complaining about his failure to communicate with her and indicating that she was withdrawing her request for additional child support.

The board concluded that the respondent failed to keep his client reasonably informed about the status of her SSI case, and did not tell her about her ex-spouse's offer to increase the child support. Schillereff would have accepted that offer had she known of it. She therefore lost child support as the result of the respondent's conduct, the precise amount of which could not be determined by clear and convincing evidence. The respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

### B

■ In February 1993, James Williams was charged with carrying a concealed weapon in violation of a Denver municipal ordinance. Williams retained the respondent and paid him $2,500 for his services.

On April 23, 1993, Williams was shot by his wife, Joan Williams. She was charged with attempted first degree murder and first degree assault. The prosecution endorsed

James Williams as a witness. Nevertheless, the respondent represented Joan Williams throughout the case, including at the jury trial, at which she was convicted of assault.

Before representing Joan Williams, the respondent visited James Williams at the hospital. He explained that he planned to represent Joan Williams at her trial. James Williams said that he was not opposed to the idea. However, the respondent did not disclose to James Williams how his interests might differ from his wife's, and he did not suggest that James Williams consult another lawyer about the advisability of the respondent's dual representation.

James Williams was subsequently found guilty in his criminal case. When the court clerk tried to contact the respondent to schedule a sentencing, she was not able to reach him. James Williams could not reach the respondent, either. James Williams therefore contacted another lawyer who made numerous but unsuccessful attempts to communicate with the respondent. The hearing board determined that James Williams faced a possible sentence which could include incarceration for up to six months in jail.

On April 14, 1994, the trial court ruled that the respondent had abandoned the case, and it appointed the new lawyer as Williams's counsel. The court subsequently granted the new lawyer's request for a new trial based on the respondent's conflicts of interest.

The hearing board concluded that the respondent abandoned James Williams, and failed to fulfill his contract with Williams, and that therefore the respondent is not entitled to retain any portion of the $2,500 retainer. Because the respondent failed to complete the work he agreed to do, the respondent's fee was unreasonable. His conduct, which occurred after the effective date of the Rules of Professional Conduct, January 1, 1993, violated R.P.C. 1.3 (neglect of a legal matter entrusted to the lawyer); R.P.C. 1.4(a) (failure to keep a client reasonably informed about the status of a matter); R.P.C. 1.5(a) (a lawyer's fee shall be reasonable); and R.P.C. 1.7(b) (a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client).

## C

■ The respondent's failure to respond to the requests for investigation sent to him with respect to the Williams matter violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## II

■ The hearing board specifically found that "[i]n [the Schillereff and James Williams] matters, the respondent abandoned the clients' cases while their matters were still pending in Court. As a result of respondent's misconduct, harm resulted to both clients." The hearing panel recommended that the respondent be suspended for three years and be required to pay restitution to Sharon Schillereff and James Williams. The assistant disciplinary counsel has not excepted to the recommendations. Recommendations of the grievance committee as to the proper disciplinary sanction, however, are only advisory. *People v. Raubolt*, 831 P.2d 462, 464 (Colo.1992). Given the seriousness of the respondent's neglect, his abandonment of his clients, and given his apparent "complete indifference to, and disregard of" these disciplinary proceedings, *People v. Crimaldi*, 804 P.2d 863, 865 (Colo.1991), it is problematical whether a long period of suspension is sufficient.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating factors, disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and

causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Williams*, 845 P.2d 1150 (Colo.1993) (lawyer disbarred after abandoning practice); *People v. Southern*, 832 P.2d 946 (Colo.1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months). Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. *See, e.g., Raubolt*, 831 P.2d 462 (neglect, dishonesty, and misrepresentation in client matters over period of years, abandonment of clients, and complete disregard of proceedings before grievance committee and supreme court warranted three-year suspension); *People v. Anderson*, 828 P.2d 228 (Colo.1992) (inclusion of false claim for damages in complaint, failure to prepare case over two-year period, being intoxicated at settlement conference, failure to notify disciplinary counsel of driving while ability impaired conviction, and failure to file complaint while telling clients that settlement is imminent, warrants three-year suspension); *People v. Anderson*, 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of significant history of discipline and warranted three-year suspension).

The respondent has a prior history of similar discipline, which is an aggravating factor. ABA *Standards* 9.22(a). He was publicly censured in 1992 for engaging in a conflict of interest and in neglecting a legal matter. *People v. Odom*, 829 P.2d 855, 856–57 (Colo. 1992). In addition, the hearing board found the existence of the following aggravating factors: a dishonest and selfish motive on the part of the respondent, *id.* at 9.22(b); a

pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); the vulnerability of the victims, *id.* at 9.22(h); substantial experience in the practice of law, *id.* at 9.22(i); and indifference to making restitution, *id.* at 9.22(j). The respondent did not answer the complaint or submit any evidence and the hearing board found no mitigating factors.

Prior caselaw would sustain either a long period of suspension or disbarment in this case. However, "[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment." *Crimaldi*, 854 P.2d at 786. We therefore order that the respondent be suspended for three years, and be required to pay the restitution below as a condition of reinstatement.

### III

It is hereby ordered that David Leonard Odom be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, prior to seeking reinstatement and as a condition thereof, Odom shall make restitution: in the amount of $1,000 plus statutory interest from April 3, 1992, to Sharon K. Schillereff; and in the amount of $2,500 plus statutory interest from February 19, 1993, to James Williams. It is further ordered that Odom pay the costs of this proceeding in the amount of $226.18 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Odom shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).