**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Leonard ODOM, Attorney–Respondent.**

**No. 96SA438.**

Supreme Court of Colorado, En Banc.

July 14, 1997.

---

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

David Leonard Odom, Vermilion, OH, Pro Se.

PER CURIAM.

This is a lawyer discipline case. A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be privately censured, ordered to make certain restitution, and be required to take and pass the professional responsibility examination. We issued an order to show cause why more severe discipline should not be imposed. The respondent did not reply to the order to show cause. In his response, the assistant disciplinary counsel now takes the position that the respondent should be disbarred. We agree and order that the respondent be disbarred.

I

■ The respondent was admitted to the practice of law in this state in 1979. A default was entered against the respondent because he did not answer the formal complaint filed by the complainant. The allegations of fact contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented by the complainant, the board found the following.

The professional misconduct in this case originally arose from the respondent's representation of both the seller and buyer of a business. In 1992, he received a public censure because of this conflict of interest and for neglecting a legal matter. *See People v. Odom,* 829 P.2d 855, 856–57 (Colo.1992). As a result of this dual representation, Anastasios Andrianakos brought a legal malpractice action against the respondent which was settled upon the respondent's promise to pay Andrianakos about $22,000. When the respondent did not make the required payments, a judgment was obtained against him.

The respondent entered into a second settlement agreement with Andrianakos on or about February 17, 1993, and agreed to pay him $10,621.98. The respondent was to make monthly payments and the obligation was secured by a security interest in the respondent's 1990 Toyota automobile. The respondent made the required payments through March 1994 and then discontinued them. Andrianakos was unable to locate the Toyota and therefore could not seize it. The respondent eventually made three additional but overdue payments on the settlement agreement, but has made no other payments since July 1994. Since then, Andrianakos has not been able to locate either the respondent or his Toyota. The respondent left Colorado with the Toyota. The hearing board determined that this conduct violated section 18-5-504, 8B C.R.S. (Supp.1996), which provides in part:

If a person who has given a security interest in personal property, as security interest is defined in section 4-1-201(37), C.R.S., or other person with actual knowledge of such security interest, during the existence of the security interest, knowingly conceals or removes the encumbered property from the state of Colorado without written consent of the secured creditor,

he commits a class 5 felony where the value of the property concealed or removed is one hundred dollars or more.

As a result of the respondent's conduct, the board found that Andrianakos has been damaged in the amount of $7,087.82, plus interest, representing the amount the respondent has not paid under the second settlement agreement. The hearing board concluded, and we agree, that the respondent thereby violated Colo. RPC 8.4(b) (committing a criminal act adversely reflecting on the lawyer's honesty, trustworthiness or fitness); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(h) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States). Moreover, the respondent's failure to participate in these proceedings violated C.R.C.P. 241.6(7).

## II

In recommending that the respondent be privately censured, the hearing board noted that the respondent is currently under a three-year order of suspension imposed in 1996. *See People v. Odom,* 914 P.2d 342, 344–45 (Colo.1996). We issued an order to show cause why more severe discipline, including disbarment, should not be imposed. The respondent, consistent with his continuing failure to participate in these proceedings, has not responded to our order. The assistant disciplinary counsel now represents that the respondent should be disbarred because of the seriousness of the underlying misconduct coupled with the respondent's disregard of these proceedings.

■ The hearing board concluded that when the respondent removed his automobile from the state he violated section 18–5–504, 8B C.R.S. (Supp.1996), a class 5 felony. As the board further noted, the fact that the respondent has not been criminally charged or convicted of this offense is not important for the purpose of lawyer discipline. *See* C.R.C.P. 241.6(5); *People v. Chappell,* 927 P.2d 829, 831 (Colo.1996) (disbarring lawyer who aided her client in violating custody order resulting in the client being charged with a felony; fact that lawyer was not charged or convicted of an offense was not important for disciplinary purposes).

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of mitigating circumstances, disbarment is appropriate when:

> (a) a lawyer engages in serious criminal conduct a necessary element of which includes ... misappropriation, or theft; ... or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. There are significant aggravating circumstances present in this case. The respondent has a history of discipline. *See id.* at 9.22(a). He was publicly censured in 1992 for engaging in a conflict of interest and in neglecting a legal matter. *See People v. Odom,* 829 P.2d 855, 856–57 (Colo.1992). We suspended the respondent for three years in 1996 for effectively abandoning two clients. *See People v. Odom,* 914 P.2d 342, 344–45 (Colo.1996). In the 1996 case, we noted:

> Prior caselaw would sustain either a long period of suspension or disbarment in this case. However, "[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment." *Crimaldi,* 854 P.2d at 786.

*Odom,* 914 P.2d at 345. The hearing board found additional aggravating factors: a dishonest and selfish motive on the part of the respondent, *see* ABA *Standards* 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); bad faith obstruction of the disciplinary process, *see id.* at 9.22(e); substantial experience in the practice of law, *id.* at 9.22(i); and indifference to making restitution, *id.* at 9.22(j). The respondent did not answer the complaint or

submit any evidence and the hearing board found no mitigating factors.

The gravity of the instant misconduct taken together with aggravating factors and the respondent's total disregard of these proceedings compel the conclusion that disbarment is the only appropriate sanction.

### III

It is hereby ordered that David Leonard Odom be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is also ordered that, prior to any application for readmission and as a condition thereof, the respondent must make full restitution to Anastasios Andrianakos in the amount of $7,087.82 plus interest at the legal rate until paid. It is further ordered that the respondent pay the costs of this proceeding in the amount of $129.27 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.