The PEOPLE of the State of
Colorado, Complainant,

v.

John B. RISHEL, III, Attorney–
Respondent.

No. 97SA404.

Supreme Court of Colorado,
En Banc.

March 9, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings of a hearing board that the respondent had seriously neglected two client matters. The respondent defaulted before the hearing board and has not appeared in this court. The hearing panel also approved the board's recommendation that the respondent be sus-

pended for one year and one day, with special conditions for reinstatement. We accept the hearing panel's recommendations and suspend the respondent for a year and a day with special conditions.

## I.

The respondent was admitted to practice law in Colorado in 1984. He did not answer the formal complaint filed in this case and the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

### A. Count I

Pursuant to a dissolution of marriage decree, Judy K. Johnson was granted physical custody of her daughter, and her ex-husband received physical custody of their son. She retained the respondent in 1992 to obtain a change in custody of the son, and paid the respondent an advance fee totaling $1,500 in June and July 1992. By August, Johnson decided to abandon her efforts to obtain a change of custody and the respondent sent her a refund check for $656.25 on August 26, 1992.

By 1994, however, Johnson again hired the respondent to obtain custody of her son after her son asked to move in with her. She paid the respondent $500 in July 1994 and another $500 on October 28, 1994. Her children became increasingly reluctant to visit their father and Johnson asked the respondent on October 28 to file the necessary motion to modify visitation and to increase the father's child support obligation.

Johnson started having difficulty contacting the respondent in the spring of 1995. At about the same time, the respondent sent Johnson an undated letter containing a draft copy of a motion to modify child support and visitation. Johnson was to sign the motion and return it, and the respondent indicated that he would give her $200 credit for future services.

The respondent finally filed a motion to modify child support and visitation in April 1995, and he received notice of a hearing scheduled for September 20, 1995, to consider Johnson's motions as well as her ex-husband's citation to hold her in contempt for alleged violations of his visitation rights. The respondent failed to notify Johnson of the hearing and she was unable to communicate with him thereafter. She sent a certified letter to him dated July 11, 1995 in which she requested an accounting and a refund of all unearned fees. The respondent did not reply.

Johnson learned of the hearing from her ex-husband only two days before it was to be held. She hired another lawyer who appeared on her behalf and the hearing was continued. The respondent had moved to Arizona on July 31, 1995, but neither gave Johnson his forwarding address nor filed a motion to withdraw from representing her.

The respondent thereby violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.15(b) (failing to promptly refund client funds upon request); and Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interest upon termination of representation).

## B. Count II

David M.J. Schmelzer spoke with the respondent in late 1993 about the financial difficulties Schmelzer was experiencing. It was agreed that the respondent would keep Schmelzer's file open and contact certain creditors to try to reach a compromise of their claims. If these efforts were unsuccessful, the respondent was to file a bankruptcy petition on Schmelzer's behalf. Schmelzer and the respondent entered into a standard hourly fee agreement on November 4, 1993. Schmelzer paid respondent $500 on December 31, 1993, and his wife paid another $500 on June 22, 1994.

After the respondent moved to Arizona, Schmelzer told him that he had decided to retain local counsel and asked for the return of his file, an itemized bill, and a refund of any unused funds. He followed this with a

letter to the same effect. After no reply was received, a lawyer wrote to the respondent on Schmelzer's behalf. The respondent has not answered either letter, nor has he refunded any money.

The respondent's conduct again violated Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.15(b) (failing to promptly refund client funds upon request); and Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interest upon termination of representation).

## II.

The hearing board recommended that the respondent be suspended for one year and one day. As conditions for reinstatement, the respondent must undergo reinstatement proceedings under C.R.C.P. 241.22(b)-(d), he must provide restitution to Johnson and Schmelzer, and he must demonstrate that he has received the appropriate professional help to enable him to prevent a repeat of the neglect and abandonment of clients present in this case.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use). There is more than a suggestion here that

the respondent abandoned his two clients and misappropriated their funds.

On the other hand, suspension is generally appropriate when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The hearing board found the following factors in aggravation: the presence of a dishonest or selfish motive, *see id.* at 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); a bad faith obstruction of the disciplinary process by failing to participate, *see id.* at 9.22(e); a refusal to acknowledge the wrongfulness of conduct, *see id.* at 9.22(g); vulnerability of the victim, *see id.* at 9.22(h); substantial experience in the practice of law, *see id.* at 9.22(j); and indifference to making restitution, *see id.* at 9.22(*l*). Because the respondent did not appear or offer any evidence, the only mitigating circumstance found was the absence of previous discipline. *See id.* at 9.32(a).

After recommending suspension for a year and a day, the hearing board continued:

The board is concerned about the stresses and problems on the respondent that were apparent in his behavior before and after his move to Arizona and during the winding up of his law practice. The board finds that the violations and harm to clients could have easily been avoided with minimal attention and response on the part of the respondent.

From the evidence presented, the board finds that the respondent followed a pattern of empty promises during the investigative stage by promising to resolve the client's [sic] problems and then abandoning their cases and after formal proceedings by promising to provide an accounting and appropriate refund to the clients and then abandoning further contact with either the prosecutor or the committee.

The board therefore recommended that

as a condition of reinstatement that the respondent be required to demonstrate that he has obtained appropriate mental health counseling and/or substance abuse evaluation and counseling and/or other necessary professional help designed to diagnose the causes of the respondent's problems. Further, that the respondent provide proof that he has made all necessary effort to remediate whatever the nature and source of his problems so as to preclude a repeat of his neglect and abandonment of his clients.

The respondent's apparent abandonment of his clients makes it problematical whether a period of suspension, rather than disbarment, is adequate. As we said in *People v. Odom*, 914 P.2d 342, 345 (Colo.1996), "[p]rior case-law would sustain either a long period of suspension or disbarment in this case. However, '[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment.'" Consistent with our decision in *Odom*, we accept the recommendations of the hearing panel and hearing board.

### III.

It is hereby ordered that John B. Rishel, III, be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. It is further ordered that, prior to seeking reinstatement and as a condition thereof, Rishel shall make the following restitution: to Judy K. Johnson in the amount of $500 plus statutory interest from October 28, 1994, until paid; and to David M.J. Schmelzer in the amount of $1,000 plus statutory interest from June 22, 1994, until paid. It is further ordered that, as a condition of reinstatement, Rishel demonstrate that he has obtained appropriate mental health counseling or substance abuse evaluation and counseling or other necessary professional help designed to diagnose the causes of his problems and that he has made all necessary efforts to remediate such problems so as to preclude the likelihood of future neglect of client matters. Rishel is ordered to pay the costs of this proceeding in the amount of $120.47 to the Supreme Court Grievance Committee, 600

Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after this opinion is announced. Rishel shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).