The PEOPLE of the State of Colorado, Complainant,

v.

Thomas H. McGARRY, Respondent.

No. 06PDJ100.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 28, 2007.

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *ISSUE*

Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury. Respondent lied to a client about the status of her case and thereafter abandoned the case altogether. He also failed to participate in these disciplinary proceedings and failed to provide any evidence of mitigation. Is suspension the appropriate sanction in this matter?

*SANCTION IMPOSED:* **ATTORNEY SUSPENDED FOR A PERIOD OF TWO (2) YEARS.**

### II. *PROCEDURAL HISTORY AND FACTUAL BACKGROUND*

The People filed a complaint with the Court on December 8, 2006. Respondent failed to file an answer in this case and the Court granted the People's motion for default on March 23, 2007. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo. 1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] Respondent took and subscribed the oath of admission, was admitted to the

---

1. *See* the People's complaint filed December 8, 2006.

bar of the Colorado Supreme Court on October 17, 1980, and is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 10603. The allegations in this case arise from Respondent's representation in a single client matter.

Arlene Furtado retained Respondent to help her with an alleged foreclosure scam involving her home. Respondent filed a complaint on behalf of Ms. Furtado in Denver District Court on or about February 13, 2002. The district court later dismissed the complaint without prejudice because Respondent never served the defendants.

Respondent failed to adequately communicate with Ms. Furtado about the status of the case during this time. Ms. Furtado never knew about the dismissal and whenever she spoke to Respondent he would tell her "the matter is pending."

Respondent again filed a complaint in Denver District Court on behalf of Ms. Furtado in February 2005. Respondent filed a return of service for the second complaint on August 22, 2005. However, the district court dismissed the case for failure to prosecute on March 6, 2006.

The district court record revealed that Respondent failed to take any action in the case. Ms. Furtado was also unaware of any work Respondent did on her behalf and she eventually lost communication with him.

■ Respondent failed to respond to the request for investigation sent to him by the People on July 25, 2006. The Colorado Supreme Court suspended Respondent for his failure to cooperate on September 11, 2006.

Respondent failed to act with reasonable diligence, failed to adequately communicate with his client, and failed to act honestly. Such misconduct constitutes violations of Colo. RPC 1.3, 1.4(a), 1.4(b), and 8.4(c). Respondent's failure to respond to the request for investigation in this matter constitutes a violation of C.R.C.P. 251.10.

### III. *SANCTIONS*

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA Standards") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to only consider the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to his client and the public. Respondent violated his duty to diligently and honestly represent his client. The entry of default established that Respondent *knowingly* neglected a client matter and *knowingly* engaged in dishonest conduct. The facts established by the entry of default also supports a finding of actual financial and emotional harm to Ms. Furtado client and to the public's trust in the legal profession.

The People did not provide evidence of aggravating factors. However, the court finds clear and convincing evidence that this case involved a vulnerable victim (74 years old and disabled) and that Respondent had substantial experience in the practice of law. *See* ABA *Standards* 9.22(h) and (i). Respondent presented no evidence in mitigation.

The ABA *Standards* suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case is suspension. Respondent completely neglected a client's case and knowingly engaged in dishonest conduct. *See* ABA *Standards* 4.42(a) and 5.13.

■ In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds suspension is the presumptive sanction for neglect and abandonment absent other serious misconduct. *See People v. Rishel,* 956 P.2d 542 (Colo.1998) (attorney suspended for one year and one day with special conditions for reinstatement for seriously neglecting two

client matters); *People v. Regan,* 831 P.2d 893 (Colo.1992) (attorney with no prior history of discipline, no dishonest or selfish motive, and significant personal and emotional issues suspended for one year and one day based on stipulated pattern of neglect and misrepresentation); *See also People v. Odom,* 914 P.2d 342 (Colo.1996) (attorney with prior history of similar discipline who defaulted in disciplinary proceedings suspended for three years for failing to keep civil client informed about important developments, and, in another matter, for abandoning a criminal client, creating a conflict of interest, and failing to perform requested services or return retainer).

Based on the case law set forth above, the Court concludes that Respondent's knowing neglect and knowing dishonesty of his client's matter warrants a two-year suspension from the practice of law.

## IV.   *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or mitigation, reveal the danger Respondent poses to the public. He neglected a client matter and acted dishonestly with regard to his neglect. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support a lengthy suspension. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes a suspension for a period of two years is appropriate in this matter.

## V.   *ORDER*

The Court therefore **ORDERS**:

1.   THOMAS H. McGARRY, Attorney Registration No. 10603, is **SUSPENDED** from the practice of law for a period of **TWO (2) YEARS,** effective thirty-one (31) days from the date of this order.

2.   THOMAS H. McGARRY **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.