**The PEOPLE of the State of Colorado, Complainant,**

v.

**William R. DOWHAN, Attorney–Respondent.**

No. 87SA35.

Supreme Court of Colorado, En Banc.

April 25, 1988.

Linda S. Donnelly, Disciplinary Prosecutor, Denver, for complainant.

David L. Kofoed, Englewood, for attorney-respondent.

VOLLACK, Justice.

William R. Dowhan, you appear before this court to receive a public censure for your professional misconduct. You were admitted to the bar of this court in 1971, and as a registered attorney are subject to the disciplinary jurisdiction of this court and its Grievance Committee in all matters relating to the practice of law. C.R.C.P. 241.1(b). After conducting hearings pursuant to C.R.C.P. 241.14, both the Hearing Board and the Hearing Panel of the Supreme Court Grievance Committee recommended imposition of a public censure. We agree with this recommendation.

I.

The incidents of misconduct giving rise to these grievance proceedings occurred during a period commencing on April 15, 1984 and continuing through December 17, 1985. At 2:20 a.m., on Sunday, April 15, 1984, your car was stopped by a Colorado State Trooper because you were weaving from lane to lane. After concluding that you were intoxicated, the State Trooper offered you a choice of receiving a breath test or a blood test. You indicated that you would submit to a blood test, and were transported to the Aurora Police Department for that reason. When you arrived, you refused to submit to the blood test.

You were then issued a traffic citation for driving under the influence of alcohol, which you contested. You chose to represent yourself during the ensuing proceedings.

Your case was assigned to the Honorable Patrick Williams, a county court judge in Adams County. On May 17, 1984, you filed a Motion to Dismiss alleging that the county court lacked subject matter jurisdiction because you were stopped outside of the borders of Adams County. A hearing on the Motion to Dismiss was scheduled for July 27. The July 27 hearing had to be continued when you failed to offer credible evidence in support of your motion. On August 1 you withdrew the Motion to Dismiss and entered a plea of not guilty. A jury trial was set for October 18.

On October 17, you notified the court that you had entered into a plea bargain and requested that the jury trial be stricken. A disposition hearing was set for October 26. On October 25, you called the court, stated that you would be unable to appear the next day, and asked to reset the disposition hearing for November 7. Those requests were granted, although you were warned that additional requests for continuances would not be entertained.

On November 7, you appeared, ready to enter a guilty plea to driving while ability impaired, but declined to do so when a review of your driving record revealed that you had accumulated so many points in the previous two years that your guilty plea would result in suspension of your driving privilege. You requested and received yet another continuance until November 21.

You failed to appear on November 21, and a bench warrant for your arrest was issued with bond set at $500.00. On December 11, you presented yourself to the court, claiming that you had a scheduling conflict that required you to appear in another county, and that your secretary had relayed this message to the court on November 21. Despite your failure to locate your 1984 Calendar so as to verify the scheduling conflict and your failure to reset the matter on November 21, the bench warrant was cancelled and a jury trial was set for March 11, 1985.

You did not appear on March 11, because of a family illness, and the trial was reset for March 22. On March 22, you requested and received yet another continuance until April 9. On April 9, you appeared and requested another continuance, but that request was denied. The case was tried that day, and you were found guilty of driving while ability impaired. Judge Williams ordered you to report to the Probation Department before sentencing for preparation of an alcohol evaluation and a pre-sentence investigation report, and to report to the public service department for scheduling of twenty-four hours of useful public service pursuant to section 42–4–1202(4)(b)(I), 17 C.R.S. (1984). Sentencing was set for August 13.

On April 19, you filed a Motion for New Trial, alleging that the court should have granted your request for a continuance on April 9 and should have granted your Motion to Dismiss for Lack of Jurisdiction of May 17, 1984. In fact, you had withdrawn your Motion to Dismiss for Lack of Jurisdiction on August 1, 1984, so your assertion that the court had denied that motion was erroneous. You neither filed a Notice to Set the Motion for New Trial of April 19, 1985 nor subsequently inquired into its status, although you did submit a proposed Order staying execution of the sentence until all reviews had been exhausted. This Order was never signed.

On April 26, Judge Williams recused himself from your case in order to avoid any appearance of impropriety resulting from his decision to request the Grievance Committee pursuant to C.R.C.P. 241.9 to investigate your professional conduct in this matter. The case was reassigned to Judge Emil Rinaldi. The Hearing Board found that on May 20, Judge Rinaldi's clerk contacted you and told you that it was your duty to notify the district attorney and set the matter for hearing if you wished to pursue your Motion for New Trial.

You failed to appear at the sentencing hearing on August 13, and a second bench warrant was issued for your arrest with

bond set at $250.00. At that time, a probation officer notified the court that you had not yet contacted the Probation Department for alcohol evaluation and pre-sentence investigation report, and had failed to schedule your performance of useful public service. You presented yourself to the court on August 22, claiming that you believed that filing a Motion for New Trial automatically stayed the August 13 sentencing hearing, and that an employee of Judge Rinaldi's court had told you that it was not your obligation to set the Motion for New Trial filed on April 19. Judge Rinaldi cancelled the bench warrant but required you to post a $250.00 bond. The court again advised you that if you intended to resolve your Motion for New Trial, you must notify the district attorney and set the matter for a hearing. Sentencing was rescheduled on December 17.

You did not pursue the Motion for New Trial as instructed by the court on May 20 and August 22, although you did report to the Probation Department prior to sentencing for alcohol evaluation and pre-sentence investigation report, and completed twenty-four hours of useful public service. You were sentenced on December 17, 1985.

## II.

Your conduct in delaying resolution of the criminal charges against you by filing motions, based on erroneous or insubstantial facts, which you subsequently abandoned, failing to appear at numerous court proceedings without substantial justification, causing bench warrants to be issued for your arrest, and failing to obey a court order requiring you to report to the Probation Department, shows a pattern of conduct in violation of C.R.C.P. 241.6(1) (committing an act or omission which violates the provisions of the Code of Professional Responsibility), as well as DR 1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), DR 1–102(A)(6) (engaging in conduct that adversely reflects on your fitness to practice law) and DR 6–101(A)(3) (neglecting a legal matter entrusted to you).

Section 6.23 of the ABA Standards for Imposing Lawyer Sanctions (1986) calls for reprimanding an attorney whose negligent conduct causes actual or potential interference with a legal proceeding. In failing to appear at sentencing, you caused actual interference with the legal proceeding of August 13, 1984. By failing to cooperate with public authorities in scheduling an alcohol evaluation, a pre-sentence investigation report, and public service requirements prior to sentencing, you showed a callous disregard for the legal proceeding of April 9, 1985.

In these matters, your conduct deviated substantially from the minimum standards of conduct required of all persons privileged to practice law in this state. In compliance with the ABA Standards for Imposing Lawyer Sanctions (1986), this court has considered as mitigating factors your absence of prior disciplinary record (section 9.32(a)), your busy practice, and your representation of the indigent (section 9.32(g)). This court has also found as aggravating factors that your conduct was accompanied by dishonest or selfish motive (section 9.22(b)) and constituted a pattern of misconduct (section 9.22(c)). William R. Dowhan, your conduct throughout these proceedings demonstrated a serious disrespect for the legal system and, under the circumstances, we conclude that imposition of this public censure is the appropriate remedy.

This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility. You are also ordered to pay the sum of $1,760.30, representing the costs of the grievance proceedings in this matter, to the Supreme Court Grievance Committee, 600 —17th Street, Suite 500S, Denver, Colorado 80202–5435, within thirty days of the date of this order.