The PEOPLE of the State of
Colorado, Complainant,

v.

William R. DOWHAN,
Attorney–Respondent.

No. 90SA286.

Supreme Court of Colorado,
En Banc.

June 24, 1991.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

James G. Anderson Aurora, for respondent.

PER CURIAM.

In this disciplinary proceeding, a hearing was held on December 15, 1988, before the hearing board of the Supreme Court Grievance Committee on a two-count complaint filed against the respondent, William R. Dowhan. The hearing board recommended that the respondent be suspended for three months, be assessed the costs of the disciplinary proceedings, and be ordered to make restitution. The hearing panel of the Grievance Committee accepted the hearing board's recommendation that the respondent be suspended for three months and that costs be assessed against him. The panel rejected the recommendation that the respondent be ordered to pay restitution because the respondent had already made restitution. We accept the panel's recommendation that the respondent be suspended for three months and be assessed the costs of these proceedings.

I.

The respondent was admitted to the bar of this court on October 1, 1971, and is subject to the jurisdiction of this court and its Grievance Committee in these disciplinary proceedings. See C.R.C.P. 241.1(b).

The Grievance Committee Hearing Board found that the following facts were established by clear and convincing evidence at the hearing held on December 15, 1988. The respondent and Mary Cameron (Cameron) were involved in an automobile accident in a department store parking lot on February 10, 1987. Police Officer Greg Kennedy of the Aurora Police Department responded to the scene of the accident, and requested insurance information from the respondent and Cameron. The respondent told Officer Kennedy and Cameron that he was insured by Colonial Insurance Company (Colonial). After reviewing the accident scene, Officer Kennedy determined that the respondent was responsible for the accident, but did not ticket the respondent because the accident occurred on private property and both parties were insured.

Cameron testified at the hearing that she did not have collision insurance at the time of the accident and that she sustained personal injuries and $1,596.60 in damages to her car. Her personal injuries were covered by her insurance company; the damages to her car were not. When Cameron filed a claim with Colonial, the respondent's insur-

ance company, for the damages to her car, Colonial informed her that the respondent was not insured by their company at the time of the accident. Cameron and her daughter, Debra Kern, called the respondent numerous times after learning that he was not insured, but the respondent refused to answer the calls. Debra Kern stated that the only time she got through to the respondent was by misrepresenting her identity to his secretary, and that the respondent was then quite elusive and hung up on her. Cameron then informed Officer Kennedy that the respondent was not insured at the time of the accident.

Officer Kennedy testified that after he received Cameron's call, he contacted the respondent and requested that the respondent provide proper proof of insurance. The respondent appeared at the police station with a copy of an application for insurance and a copy of a check made out to the insurance company. Officer Kennedy informed the respondent that these documents did not prove that the respondent had insurance coverage at the time of the accident. Despite the respondent's promise to return with the correct documentation, he failed to do so, and he did not return Officer Kennedy's phone calls. Officer Kennedy then served the respondent with a summons and complaint for failure to maintain compulsory insurance.

Representatives from Colonial testified that the respondent was not insured by their company at the time of the accident. The Colonial representatives stated that the respondent attempted to pay his premium on April 16, 1986, but that his check was returned because his policy had expired on April 5, 1986. Colonial informed the respondent that it would not issue new policies for the remainder of 1986 and that the respondent should contact another insurance company to obtain automobile insurance.

In September 1986, the respondent went to his insurance agent's office with a check for three months' coverage and demanded that the agent accept the check and issue an SR22 form. The agent testified that she accepted his check and issued the SR22 without obtaining authorization from Colonial because the respondent intimidated her with the fact that he was a lawyer. Colonial returned the check to the respondent and informed him that his policy had expired on April 5, 1986, and that a new policy would not be issued.

Cameron further testified that the respondent still refused to pay for the damage to her car or discuss the matter nearly a year after the accident. Cameron then filed a civil action against the respondent to recover her damages, but the sheriff's four attempts to serve the respondent proved unsuccessful. Cameron waited several months and then attempted to have the respondent served again. Cameron testified that she received a copy of an order dismissing her case with prejudice because she failed to appear at trial. Apparently, the respondent had set a trial date, appeared in court, and called witnesses, without Cameron's knowledge. Cameron stated that she was never notified of a trial setting and that she believed that the respondent had never been served with a copy of the complaint. No evidence was presented with respect to service. The court subsequently denied Cameron's motion for reconsideration.

Based on these facts, the hearing board concluded that the respondent had violated DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); and DR 1–102(A)(6) (conduct that adversely reflects on fitness to practice law). The hearing board also concluded that the respondent had violated C.R.C.P. 241.6 and 241.6(5).

The hearing board found the presence of five aggravating factors: prior disciplinary offense, dishonest or selfish motive, refusal to acknowledge wrongful nature of conduct, vulnerability of the victim, and indifference to making restitution. See American Bar Association *Standards for Imposing Lawyer Sanctions* [hereinafter ABA *Standards* ], Standard 9.22(a), (b), (g), (h) & (j) (1986). The hearing board did not find any mitigating factors.

The respondent's prior record of discipline consists of one public censure on April 25, 1988, *see People v. Dowhan,* 759 P.2d 4 (Colo.1988), for delaying resolution of criminal charges filed against him by filing unsupported motions, failing to appear at numerous court proceedings without substantial justification, causing bench warrants to be issued for his arrest, and failing to obey a court order requiring him to report to the probation department.

## II.

Standard 4.62 of the ABA *Standards* applies to this case, and provides that suspension is generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client. Although standard 4.62 refers to deception of clients, the hearing board found that this standard applied to the respondent's case by analogy because "the gravamen of the offense here [was] not due to the relationship between [the respondent and Cameron], but to the existence of deceit in the respondent's dealings with not only Mrs. Cameron, but others as well, including the Grievance Committee's investigator and the Grievance Committee." Considering Standard 4.62 along with the aggravating factors present in this case, the hearing board concluded that a three-month suspension was an appropriate sanction.

The respondent intentionally misrepresented that he possessed automobile insurance coverage to Cameron, Officer Kennedy, and the Grievance Committee investigator, in an effort to delay the resolution of Cameron's claims against him and to delay the resolution of the grievance proceedings. In light of the respondent's previous public censure for engaging in lengthy delay tactics, we conclude that the respondent's misconduct in this case warrants a minimum three-month suspension as recommended by the Grievance Committee.

Accordingly, we order the suspension of the respondent from the practice of law for a period of three months, commencing thirty days after publication of this opinion. *See* C.R.C.P. 241.21(a). We further order that the respondent pay the costs of these proceedings in the amount of $534.24 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado, 80202, within thirty days of the date of the announcement of this opinion.