The PEOPLE of the State of Colorado, Complainant,

v.

William R. DOWHAN, Attorney–Respondent.

No. 95SA302.

Supreme Court of Colorado, En Banc.

Nov. 28, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Assistant Disciplinary Counsel, Denver, for Complainant.

Michael L. Bender, Denver, for Attorney–Respondent.

PER CURIAM.

This lawyer discipline proceeding comes to us on a stipulation, agreement and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended for sixty days from the practice of law. An inquiry panel of the supreme court grievance committee approved the conditional admission and the recommendation of discipline. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1971. The parties stipulated to the following facts and disciplinary violations.

After an employee injured his hand in an industrial accident in April 1985, he retained the respondent to represent him in his workers' compensation claim. The employer admitted liability and paid the employee temporary disability benefits, permanent partial disability benefits, and vocational rehabilitation benefits.

In April 1987, the respondent's client took a job in Alaska and did not return to Colorado until June 1987. On May 5, 1987, the respondent entered into a $4,000 settlement with his client's former employer and its insurance carrier in full settlement of his client's claims. On May 5, 1987, at the respondent's direction, his then secretary simulated the client's signature on the settlement stipulation. The stipulation was approved by the Division of Labor on the following day.

The insurance carrier issued a $4,000 settlement check to the respondent's client dated May 5, 1987. At the respondent's direction, his secretary signed the client's name to the check. On May 20, 1987, the respondent issued a check to the client for his share of the settlement proceeds, after deducting the respondent's fee.

■ In the analysis of discipline filed with the stipulation, the assistant disciplinary counsel indicates that the respondent states that his client expressly authorized the signing of the client's name to the documents and check, but that the former client denies giving such permission. It cannot be established by clear and convincing evidence therefore that the client did not authorize the respondent's actions.

At the time that the respondent's secretary signed the client's name to the stipulation and the check, however, the relevant statutes provided that workers' compensation claims were not assignable, section 8–52–107(1), 3B C.R.S. (1986), and "that any power of attorney or other authority from any injured employee ... purporting to authorize any other person to receive, be paid, or receipt for any compensation benefits awarded any such claimant shall be wholly void and illegal and of no force and effect...." § 8–52–107(2), 3B C.R.S. (1986).[1]

The respondent has stipulated that the foregoing conduct violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), and DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); as well as C.R.C.P. 241.6(2) (any act or omission violating accepted rules or standards of legal ethics constitutes grounds for discipline); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline); and C.R.C.P. 241.6(6) (any act or omission which violates the rules regarding lawyer discipline and disability or which violates an order of discipline or disability).

## II

The inquiry panel approved the conditional admission, and recommended that the respondent be suspended for sixty days. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards* ), in the absence of aggravating or mitigating factors, suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12. On the other hand, a public censure is appropriate "when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *Id.* at 5.13.

The respondent has been disciplined before. He received a public censure for failing to obey court orders and delaying resolution of his own alcohol-related driving offense, *People v. Dowhan,* 759 P.2d 4 (Colo.1988); a letter of admonition in 1990; and he was suspended for three months for misrepresenting that he had automobile insurance coverage following an accident, *People v. Dowhan,* 814 P.2d 822 (Colo.1991).

■ The assistant disciplinary counsel states that, even considering the respondent's other discipline, a sixty-day suspension is adequate. First, the respondent did not act out of a selfish motive in that he thought he was saving his client a significant amount of time by asking his secretary to sign the client's name. According to the assistant disciplinary counsel, the respondent "acted foolishly and illegally, but he had no intent to harm his client." The conduct occurred more than eight years ago, and before the respondent had been sanctioned in the disciplinary proceedings outlined above. In addition, the respondent has fully cooperated with the Office of Disciplinary Counsel, ABA *Standards* at 9.32(e) (full and free disclosure to disciplinary board is a mitigating factor); and he has demonstrated remorse, *id.* at 9.32(*l* ). The assistant disciplinary counsel also asserts that the evidence shows that the respondent promptly and appropriately disbursed the settlement proceeds. Finally, the client filed a legal malpractice action against the respondent which has been settled and the settlement paid.

Under these circumstances, we have decided to accept the conditional admission and the inquiry panel's recommendation.

## III

Accordingly, it is hereby ordered that William R. Dowhan be suspended from the prac-

---

1. These provisions were repealed in 1990. Ch. 62, sec. 77, 1990 Colo.Sess.Laws 575. The present provisions regarding nonassignability and powers of attorney with respect to workers' compensation claims are § 8–42–124(1), (2), 3B C.R.S. (1995 Supp.).

tice of law for sixty days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding in the amount of $853.62 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.