**The PEOPLE of the State of Colorado, Complainant,**

v.

**Kenneth R. MOTSENBOCKER, Attorney–Respondent.**

**No. 96SA385.**

Supreme Court of Colorado, En Banc.

Nov. 12, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Jay P.K. Kenney, Denver, for Attorney–Respondent.

## PER CURIAM.

The respondent in this lawyer discipline case misappropriated funds from a bar association account of which he was the treasurer. An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent and the complainant, C.R.C.P. 241.18, which recommended that the respondent be disbarred. We accept the conditional admission and the recommendation.

### I

For purposes of these proceedings, we accept the facts as set forth in the conditional admission. The respondent was admitted to practice law in Colorado in 1992. In 1994, the respondent was elected treasurer of the Ninth Judicial District Bar Association (Bar Association), placing him in a position of trust. During the same time period, the respondent's mother and stepfather were having financial difficulties. Beginning on March 23, 1995, and continuing through July 9, 1995, the respondent knowingly misappropriated $2,350 in bar association funds by writing six checks on the bar association checking account to himself. He then personally cashed the checks, and delivered or sent the funds to his mother and stepfather. The amounts and dates of the transactions were: $200 on March 23, 1995; $150 on April 18, 1995; $250 on May 5, 1995; $750 on May 8, 1995; $800 on July 1, 1995; $200 on July 9, 1995.

The respondent was not authorized to use the Bar Association's funds for his personal use. The respondent's misappropriation violated R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

In October 1995, the president of the Bar Association asked to review the association's bank records. It was thereafter, in November 1995, that the respondent repaid the $2,350 he misappropriated, prior to providing the bank records to the bar president.

### II

The respondent and the assistant disciplinary counsel stipulated that disbarment is appropriate, and the inquiry panel agreed. Since the respondent's misappropriations of Bar Association funds were knowing, disbarment is the presumed sanction, at least in the absence of extraordinary mitigating factors. *People v. Varallo*, 913 P.2d 1, 12 (Colo.1996). In the absence of such mitigating factors, the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provides that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11.

The factors in mitigation include: the absence of a prior disciplinary record, *id.* at 9.32(a); the existence of personal or emotional problems, *id.* at 9.32(c); a cooperative attitude toward the disciplinary proceedings, *id.* at 9.32(e); the respondent was inexperienced in the practice of law at the time of the misconduct, *id.* at 9.32(f); and the presence of remorse, *id.* at 9.32(*l* ).

The respondent and the assistant disciplinary counsel agree that despite the above factors in mitigation, disbarment is necessary, and so do we. We therefore accept the conditional admission and the inquiry panel's recommendation.

### III

It is hereby ordered that Kenneth R. Motsenbocker be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $532.23 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202, within thirty days of the date of this opinion.