The PEOPLE of the State of
Colorado, Complainant,

v.

William R. DOWHAN, Attorney–
Respondent.

No. 97SA389.

Supreme Court of Colorado,
En Banc.

Jan. 20, 1998.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

John M. Richilano, Denver, for Attorney–Respondent.

PER CURIAM.

This is a lawyer discipline case that comes to us on a stipulation, agreement and conditional admission of misconduct between the respondent and the complainant. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended from the practice of law for forty-five days. An inquiry panel of the supreme court grievance committee approved the condition-al admission and the recommendation of dis-cipline. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent was admitted to practice law in Colorado in 1971. The conditional admission states that the complaining wit-ness's marriage was dissolved in 1992. Per-manent orders were entered awarding the parents joint custody of the child of the marriage. The orders provided that the child was to spend one-half of each week with each parent, and that he would attend a certain preschool. The complaining witness then hired a lawyer (not the respondent) to have the orders modified to grant her sole custody, but the motion to modify was denied on July 14, 1993. She told that lawyer that she intended to move to Wyoming where her future husband had a child and job prospects. The lawyer advised her that the permanent orders did not permit her to move. She fired the lawyer. She also consulted with at least one other lawyer who counseled her that she could not leave the state with the child.

She met with the respondent on February 17, 1994. She told the respondent that she had joint custody of the child and that she wanted to move to Wyoming. The condition-al admission provides that she would testify that the respondent told her that since the permanent orders did not specifically prohib-it the move, she could take her son to Wyo-ming. The respondent would testify that he advised her that a motion to modify custody would have to be filed and approved before she moved. In any event, the respondent admits that he failed to adequately counsel her about the perils of moving to another state before the court granted the modifica-tion of the original custody order. He there-by violated Colo. RPC 1.1 (failing to provide competent representation to a client). More-over, the respondent did not immediately file a motion for a change of custody and now agrees that this delay constituted neglect of a legal matter, contrary to Colo. RPC 1.3.

On April 17, 1994, the complaining witness left a message for the respondent informing him of her new address and telephone num-

ber in Wyoming. Two days later she told her ex-husband of her change in address and that his son would not be at the exchange location the next day as planned. The former husband's lawyer obtained an ex parte temporary custody order granting his client immediate physical custody of the child. A contempt citation was also issued against the respondent's client. On April 25, 1994, the complaining witness was located and personally served with the contempt citation. Her son was removed from her custody and placed with his father.

The respondent filed a response to the contempt citation and a motion for change of custody. The response asserted that his client had not violated the permanent orders because she went to Wyoming with her new husband where his new job was located, and she took her son with her. The parties were unable to settle the contempt and custody matters. The court found the complaining witness in contempt and ordered her to pay her ex-husband's lawyer's fees and costs to recover his son. The court fined her $1,500 with $1,000 suspended. The court also suspended a six-month jail sentence. The complaining witness was granted visitation with her son every other weekend in Colorado.

As the respondent has stipulated, his conduct violated Colo. RPC 1.1 and 1.3.

## II.

The inquiry panel approved the conditional admission and the recommendation that the respondent be suspended for forty-five days.[1] The complainant indicates that the respondent's conduct in this case was negligent only, and that it would warrant a public censure in the absence of the respondent's prior discipline. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, a public censure is an appropriate sanction

when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

The respondent does have a prior history of discipline, however, and this is an aggravating factor for our purposes. *See id.* at 9.22(a). He received a public censure in 1988 for his misconduct in delaying resolution of driving under the influence charges against him. *See People v. Dowhan,* 759 P.2d 4, 6 (Colo.1988). He was admonished by the grievance committee in 1990 for failing to appear in court on behalf of a client. In 1991, the respondent was suspended for three months for misrepresenting—to the other driver involved in an accident with him, to a police officer, and to the grievance committee investigator—that he possessed automobile insurance coverage. *See People v. Dowhan,* 814 P.2d 822, 824 (Colo.1991). Finally, the respondent was suspended for sixty days in 1995 for instructing his secretary to simulate his client's signature on a workers' compensation stipulation and check in violation of the relevant statutes. *See* People v. Dowhan, 908 P.2d 72, 73–74 (Colo.1995).

The previous suspensions for short periods of time do not appear to have been successful in preventing the respondent from engaging in further misconduct. Nevertheless, the complainant again asserts that a forty-five day suspension is adequate given that the respondent's mental state was at most negligent; the absence of a dishonest or selfish motive on the respondent's part, which is a mitigating factor, *see* ABA *Standards* 9.32(b); his cooperative attitude during these proceedings, *see id.* at 9.32(e); and the respondent's expressions of remorse, *see id.* at 9.32(*l*).

## III.

Accordingly, it is hereby ordered that William R. Dowhan be suspended from the prac-

---

**1.** The conditional admission also recommends that the respondent make restitution of $1,500. It does not say to whom this restitution is owed, however, although we assume it would be to the complaining witness. The complainant's analysis of discipline suggests that the respondent has already paid that amount of restitution to the complaining witness: "Although the respondent paid [the complaining witness] $1,500 in restitution, that fact can be considered neither mitigating nor aggravating under ABA *Standards* § 9.4(a) (commentary)." Because of this ambiguity in the conditional admission, we decline to impose restitution as a condition of reinstatement.

tice of law for forty-five days, effective thirty days after the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $455.89 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

BENDER, J., does not participate.

