The PEOPLE of the State of
Colorado, Complainant,

v.

L. Crosby SKAALERUD, Attorney–
Respondent.

No. 98 SA 149.

Supreme Court of Colorado,
En Banc.

Aug. 10, 1998.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Craig L. Truman, Denver, for Attorney-Respondent.

PER CURIAM.

The deputy disciplinary counsel and L. Crosby Skaalerud, the respondent in this lawyer discipline case, executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended that Skaalerud be disbarred. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and order that Skaalerud be disbarred.

I.

Skaalerud was admitted to the Colorado bar in 1974. The conditional admission covers multiple counts contained in three formal complaints, Nos. GC 97A–58, GC 97A–92, and GC 98A–21, and provides as follows.

A. GC 97A–58—Helene Straight

Skaalerud represented Helene Straight in a personal injury case arising from an automobile accident on September 9, 1993, with an uninsured motorist. In December 1996, a settlement was negotiated between the insurer and Skaalerud acting on behalf of Helene Straight and her husband Stephen Straight (the insured). The Straights purportedly agreed to settle for $13,000. In fact, Skaalerud had not discussed the settlement amount with his client or obtained her authority to settle. He also did not tell her that he had settled her case.

The insurer's settlement check was made payable to Helene Straight and L. Crosby Skaalerud and was dated December 6, 1996. Skaalerud signed his name and the name of Helene Straight on the reverse side of the check and deposited it into his trust account. He did not inform his client that he had cashed the check.

On or about February 14, 1997, Skaalerud obtained Helene Straight's signature on a release and her agreement to settle for $13,000. Bank records show that Skaalerud had misappropriated the $13,000. The balance in his trust account on March 31, 1997, was $1.31. Helene Straight has not received any of the settlement proceeds.

When Straight called the insurer's claims supervisor, she was told that her case had been settled. When she saw a copy of the settlement check, she discovered that her signature on the check had been forged, and that her husband's signature on the release was also forged. Skaalerud had signed the release purporting to have witnessed the signatures on December 16, 1996.

Skaalerud has admitted that the foregoing conduct violated Colo. RPC 1.4 (failing to communicate appropriately with a client); Colo. RPC 1.15(a) (failing to hold client property separate from the lawyer's own property); Colo. RPC 1.15(b) (failing to deliver funds the client is entitled to receive); Colo. RPC 8.4(b) (committing a criminal act adversely reflecting on the lawyer's honesty, trustworthiness, or fitness); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Colo. RPC 8.4(g) (engaging in conduct violating accepted standards of legal ethics).

## B. GC 97A–92

### 1. The Kleier Matter

A lawyer referred Donald L. Kleier to Skaalerud for the purpose of representing him in a workers' compensation matter. Kleier and Skaalerud entered into a fee agreement in July 1996 whereby Skaalerud would be entitled to 20% of the contested benefits that he obtained on Kleier's behalf. He also requested and obtained a power of attorney from Kleier.[1]

On October 10, 1996, the Colorado Compensation Insurance Authority (CCIA) filed a final admission of liability that showed Kleier had been paid a total of $19,757.02 in temporary total disability benefits, and that the permanent partial disability settlement would be $23,913.61. The reduced figure for a lump sum payment was $20,033.20. However, Skaalerud based his 20% fee on the $23,-913.61, for a total fee of $4,782.72.

He received a check from the CCIA on October 21, 1996, in the amount of $10,328.03. He disbursed $5,828.03 to Kleier and kept the remaining $4,500 for himself. Two days later, he received another CCIA check for $9,705.20, which with the initial $10,328.03 totaled $20,033.23, approximately the total

lump sum amount. Skaalerud kept the full amount of the second check. Kleier was entitled to $20,033.23 less Skaalerud's 20% fee of $4,782.72, and less the $5,828.03 Kleier had already been paid, or $9,422.48. However, Kleier has not received any of this money. As of March 31, 1997, the balance in Skaalerud's trust account was $1.31.

Skaalerud has stipulated that his conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate appropriately with a client); Colo. RPC 1.15(b) (failing to deliver funds the client is entitled to receive); Colo. RPC 8.4(b) (committing a criminal act adversely reflecting on the lawyer's honesty, trustworthiness, or fitness); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law).

### 2. Troy D. Helwig

Troy D. Helwig hired Skaalerud to represent him on a workers' compensation claim in June 1996. Skaalerud obtained Helwig's power of attorney. On February 5, 1997, he received a partial settlement check from the CCIA for $11,499.79. Skaalerud disbursed 80% to Helwig and kept the remaining 20% for attorney fees and costs. CCIA issued a second settlement check for $15,352.61 two weeks later. On February 19, 1997, Skaalerud forged his client's signature on the check and misappropriated the entire $15,352.61. He received yet another settlement check for $1,168.77. He again forged Helwig's signature to the check and misappropriated the entire amount.

Learning of the last two checks and discovering that Skaalerud's telephone had been disconnected, Helwig finally contacted Skaalerud through a mutual friend. On March 29, 1997, Skaalerud issued a check in the amount

---

1. *But cf. People v. Dowhan,* 908 P.2d 72, 74 (Colo.1995) (suspending lawyer for instructing his secretary to simulate his client's signature on workers' compensation stipulation and check because relevant statutes provided that such claims were not assignable and that powers of attorney were prohibited); § 8–42–124(2), 3 C.R.S. (1997)

(providing that "[t]he power given in any power of attorney or other authority from any injured employee ... purporting to authorize any other person to receive, be paid, or receipt for any compensation benefits awarded any such claimant shall be wholly void and illegal and of no force and effect....")

of $13,217.10 to Helwig, but the check did not clear.

The above conduct again violated Colo. RPC 1.3, 1.4(a), 1.15(b), 8.4(b), 8.4(c), 8.4(d), and 8.4(h). Skaalerud also violated Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation).

### 3. Karen Rossi

In January 1996, Karen Rossi retained Skaalerud to represent her with respect to personal injuries she had received in an automobile accident. It was agreed that Skaalerud would have a contingent fee of one-third of any proceeds recovered on her behalf. However, Skaalerud stopped communicating with the claims adjuster in November 1996, and the adjuster closed Rossi's file. Skaalerud never communicated with Rossi about her claim, nor did he advise her that he had abandoned her case. He has admitted that he thereby violated Colo. RPC 1.3, 1.4(a), 1.16(d), 8.4(d), and 8.4(h).

### 4. The Bishops

In July 1995, Jay and Cyndi Bishop's daughter was injured at an amusement park. They hired Skaalerud to pursue their claim for her injuries against the park. He initially contacted the adjuster for the park, but took no further action on his clients' behalf after July 1996. The Bishops have been unable to reach Skaalerud. As he has stipulated, Skaalerud's conduct again violated Colo. RPC 1.3, 1.4(a), 1.16(d), 8.4(d), and 8.4(h).

### 5. Laurel Segler–Purnell

Skaalerud represented Laurel Segler–Purnell in a breach of contract and bad faith claim against an insurance company. In 1994, he filed an action against the insurer. The court referred the matter to arbitration in 1995. Due to Skaalerud's inaction in the case, however, the court dismissed it for failure to prosecute on December 18, 1995.

Nevertheless, Skaalerud told his client in 1996 that the case was close to settlement. It was not until March 1997 that his client learned that Skaalerud had abandoned his law practice. His conduct again violated Colo. RPC 1.3, 1.4(a), 1.16(d), 8.4(c), 8.4(d), and 8.4(h).

### 6. The Ewerts

Barbara and Art Ewert retained Skaalerud in October 1994 to represent them regarding an automobile accident. The liable party was insured by Allstate and Barbara Ewert's PIP carrier was State Farm. Skaalerud was to receive a one-third contingent fee of any funds recovered.

In November 1995, a settlement was reached with Allstate and the Ewerts received their share of the proceeds. In December 1995, Skaalerud settled the State Farm claim for $13,500 without his clients' authority or knowledge. He forged their signatures on the settlement check and misappropriated the entire amount. In November 1996, he advised the Ewerts that State Farm was offering to settle for $13,500, but Barbara Ewert instructed him to make a counteroffer of $25,000. The Ewerts were thereafter unable to contact Skaalerud except once when he called them in February 1997 and said that he would repay them. However, he has not done so.

The foregoing conduct violated Colo. RPC 1.2(a) (failing abide by a client's decision whether to accept an offer of settlement); Colo. RPC 1.4(a), 1.15(a), 1.15(b); Colo. RPC 8.4(b) (committing a criminal act); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on fitness to practice).

### C. GC 98A–21—Steve Campbell

Skaalerud represented Steve Campbell in a workers' compensation case that settled in April 1996. On April 22, 1996, Campbell paid Skaalerud $10,000 as a cost retainer to represent him in a civil suit arising out of an accident at a grocery store. Skaalerud filed the action and depositions were taken in early 1997.

On April 29, 1997, however, Skaalerud was immediately suspended from the practice of law and other counsel was appointed by a district court. In June 1997, Skaalerud ad-

mitted to Campbell that he had spent Campbell's retainer on personal bills. He therefore misappropriated Campbell's funds, and his conduct violated Colo. 1.15(a), 1.16(d), and 8.4(c).

## II.

In the conditional admission, Skaalerud consents to disbarment. The inquiry panel approved the conditional admission and the recommendation of discipline. Disbarment would be appropriate even if the only misconduct involved had been misappropriating client funds:

> We have repeatedly held that a lawyer's knowing misappropriation of funds, whether belonging to a client or third party, warrants disbarment except in the presence of extraordinary factors of mitigation. *See, e.g., People v. Mundis,* 929 P.2d 1327, 1331 (Colo.1996) (lawyer disbarred for knowing misappropriation of client funds, neglect of client matters, and practicing law under suspension); *People v. Motsenbocker,* 926 P.2d 576, 577 (Colo.1996) (lawyer disbarred for knowingly misappropriating bar association funds); *see also* ABA *Standards [for Imposing Lawyer Sanctions]* 4.11 [1991 & Supp.1992] (in the absence of mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

*People v. Lavenhar,* 934 P.2d 1355, 1359 (Colo.1997). The only mitigating factor is that Skaalerud has not been previously disciplined, and this factor alone does not call for different discipline than disbarment. *See People v. Margolin,* 820 P.2d 347, 350 (Colo. 1991). Accordingly, we accept the conditional admission and the recommendation of the inquiry panel that Skaalerud be disbarred.

## III.

It is hereby ordered that L. Crosby Skaalerud be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective upon the date on this opinion. It is further ordered that Skaalerud pay the costs of this proceeding in the amount of $489.65 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion. Should he ever seek readmission, Skaalerud will be required to demonstrate by clear and convincing evidence that he has made restitution to each and every client harmed by the misconduct recited in the conditional admission.