This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **No. 34,118**

**JERRY LOPEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant Jerry Lopez appeals from the district court's affirmance of the metropolitan court's convictions for driving while under the influence of intoxicating liquor (DWI) (impaired to the slightest degree) and failure to maintain lane. [DS 1, 8; RP 1– 2, 74] In this Court's notice of proposed disposition, we proposed to affirm Defendant's convictions and adopt the memorandum opinion of the district court. [CN 1, 2] Defendant filed a memorandum in opposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's convictions.

{2}     As a prefatory matter, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Defendant continues to assert the same facts and arguments that he made in his docketing statement [DS 1, 8] and, the memorandum in opposition is nearly identical to the statement of the issues he filed with the district court in his on-record appeal. [RP 41–51] We suggest that repetition of facts known to this Court is not an efficient use of counsel's or this Court's time, and is of little use in assessing whether this Court should proceed with its proposed summary disposition.

{3}     In this Court's notice of proposed disposition, we proposed to adopt the district court's thorough and well-reasoned memorandum opinion in response to Defendant's arguments. [CN 2; *see also* RP 77–89] Counsel has not pointed out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant has failed to raise any new arguments or issues to convince us to reconsider our proposed adoption of the district court's memorandum opinion. As such, all of the arguments in Defendant's memorandum in opposition have been addressed by this Court in its notice of proposed disposition and/or the district court's memorandum opinion this Court proposed to adopt in our notice of proposed disposition, and we refer Defendant to the responses therein. [*See* RP 77–89]

{4}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's convictions.

{5}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**